8472

ANDERSON HARDWARE CO. v. GRAY.

1. FRAUD—DEED—MORTGAGE—NULLA BONA.—In an action to set aside a deed or mortgage for actual fraud it is not necessary to show insolvency by *nulla bona* return, but it may be shown by any other competent evidence.

2. APPEAL—ISSUES.—It is incumbent on appellant in such case to satisfy this Court that the findings by the Circuit Court are against the preponderance of the evidence.

3. FRAUD—DEED—MORTGAGE.—If a deed or mortgage is executed to defraud creditors, they may be set aside even if executed for valuable consideration.

Before MEMMINGER, J., Anderson, February, 1912. Affirmed.

Action by Anderson Hardware Company and Brown & McCown against J. A. Gray, Laura Gray and Henry Gray. Defendants appeal.

The Circuit decree is:

"This is an action brought by the Anderson Hardware Company and Brown and McCown as parties-plaintiff, against J. A. Gray, his wife, Laura Gray, and his brother, Henry Gray, for the purpose of having the Court set aside a certain deed from James A. Gray to Laura Gray; and a certain mortgage of the same property executed by Laura Gray in turn, to Henry Gray, upon the ground of their defeating creditors of their remedies in contravention of the provisions of section 2369 of the Code of 1902.

"The testimony was given and the case tried before me and after hearing argument for the plaintiffs and for the defendants, respectively, I find as matters of fact (1) That the defendant, J. A. Gray, was regarded by the trade and so adjudged by three separate juries in which suit was contested, a member of the firm of J. F. Gray & Co., alleged to comprise J. F. Gray, J. A. Gray and Ernest Gray; (2) That the plaintiffs herein were at the time of the transfer of the real estate to Laura Gray by her husband, J. A. Gray, existing creditors of the firm; (3) That they reduced their claims to judgment against the firm, making and establishing J. A. Gray as a party; (4) That the transfer aforesaid left the firm individually and as a partnership, insolvent; (5) That there was no valuable consideration passing between J. A. Gray and Laura Gray for the aforementioned deed, nor between Laura Gray and Henry Gray for the

aforementioned mortgage; that the stipulated considerations were purely *fictitious*.

"As matters of law, I find: (1) That the *nulla bona* return in behalf of Anderson Hardware Company introduced in evidence together with the testimony of the county auditor and the general trend of the testimony as a whole is conclusive of the plaintiffs having exhausted their legal remedies before instituting this action; that even if this showing is not conclusive as to Brown and McCown, as defendant's counsel has insisted, under the law an action of this kind may be maintained by one creditor for the benefit of all; (2) That the transactions were done with the intent and for the purpose of delaying, hindering and for the purpose of defrauding creditors within the purview of the statute and that all the parties thereto concurred therein.

"Now, therefore, it is ordered and adjudged that the prayer of the complaint be, and the same is hereby, granted, to wit: that the deed from Jas. A. Gray to Laura Gray, therein set out, and the mortgage from Laura Gray to Henry Gray, therein set out, be, and the same are declared, void. It is further ordered, that the clerk of this Court mark the records of the respective conveyances as declared void and annulled by virtue of this finding and judgment, and make record of this order."

*Messrs. Martin, Greene & Earle,* for appellants, cite: *Nulla bona return is necessary to show insolvency:* 17 Cyc. 1370; 29 N. C. 412; 11 Ga. 459; 13 S. C. 449; 28 S. C. 152; 20 Cyc. 707. *Fraud must be proved:* 55 S. C. 285; 20 Cyc. 751; 17 S. C. 44. *Insolvency must be shown:* 25 Pac. 404; 24 Am. Dig. 198. *No fraud attaches to conveyance of homestead:* 24 Cent. Dig. 118; 20 Cyc. 386, 525; 64 S. C. 82; 27 S. C. 434; 58 S. C. 283; 44 S. C. 300; 55 S. C. 198; 29 S. C. 175; 42 S. C. 525. *Badges of fraud:* 20 Cyc. 444, 450, 451; 56 S. C. 154; 34 S. C. 401; 69 S. C. 143. *Proof*

*necessary to set aside the mortgage:* 64 S. C. 354; 56 S. C. 170; 66 S. C. 188; 58 S. C. 283.

*Messrs. Geiger & Wolfe,* contra, cite: *Judgments are not subject to collateral attack:* 24 S. C. 398; 91 S. C. 384. *Wife must show money used to purchase property did not come from husband:* 54 W. Va. 450. *Proof of insolvency:* 47 S. C. 566; 34 S. C. 1; 7 Current L. 1846; 20 Cyc. 604; 56 S. C. 237. *Wife cannot set up secret equity against husband's creditors:* 44 S. E. 989. *Badges of fraud:* 20 Cyc. 449; 79 Ga. 75; 12 S. E. 560; 71 S. E. 966; 41 Am. R., 756. *Gift of wife is a fraud if it delay creditors:* 20 Cyc. 453; 18 S. C. 526. *What is notice of insolvency to purchaser:* 79 S. C. 383; 91 S. C. 455. *Failure to provide for homestead does not invalidate decree:* 43 S. C. 334.

March 18, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action to set aside a deed and mortgage for fraud, under the statute of Elizabeth.

The findings of fact and conclusions of law, by his Honor, the Circuit Judge, are stated in his decree, which will be reported.

The defendants appealed upon exceptions, the first and fourth of which were abandoned in open Court.

The first question that will be considered, is, whether there was error on the part of his Honor, the Circuit Judge, in ruling that the defendants were insolvent.

The appellants' attorneys contend, that it was necessary for the plaintiffs to show, that their legal remedies had been exhausted, before they could resort to the equitable jurisdiction of the Court.

The complaint shows, that the action was instituted under section 2369 of the Code of Laws (1902), commonly known

as the statute of Elizabeth, and was for actual fraud. Therefore, it was not necessary for the plaintiffs, to prove a *nulla bona* return on the execution, in order to establish the fact of insolvency, which could be shown, by any other competent testimony. *Miller* v. *Hughes,* 33 S. C. 530, 12 S. E. 419.

It was incumbent on the appellants, to satisfy this Court, that the finding of the Circuit Judge that the defendants were insolvent, was contrary to the preponderance of the testimony, which they have failed to show.

The exceptions raising this question are, therefore, overruled.

The next question for determination, is, whether the Circuit Judge erred in finding, "that there was no valuable consideration, passing between J. A. Gray and Laura Gray, for the aforementioned deed, nor between Laura Gray and Henry Gray, for the aforementioned mortgage; that the stipulated considerations, were purely fictitious."

Even if the deed and mortgage, were executed upon a valuable consideration, such fact would not defeat the right of the plaintiffs to set them aside, if they were intended to defraud creditors. *Lowry* v. *Pinson,* 2 Bail. 324.

As the question just considered, would not be conclusive of the case, we proceed to determine, whether the Circuit Judge erred in finding that there was fraud, both in the execution of the deed and also in the mortgage.

The appellants, upon whom rested the burden of showing, that the findings in this respect, were opposed to the preponderance of the evidence, have failed to satisfy this Court of such fact. Therefore, the exceptions raising these questions must also be overruled.

The foregoing conclusions practically dispose of all the exceptions.

Judgment affirmed.